UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| BETH SHEPHERD and<br>AARON SHEPHERD<br><br>   Plaintiffs,<br><br>  v.<br><br>COVIDIEN, INC. ANONYMOUS<br>PHYSICIAN, ANONYMOUS HEALTH<br>CARE PROFESSIONAL CORP. and<br>ANONYMOUS HOSPITAL,<br><br>   Defendants. | Case No. 3:12-CV-00014-TLS-CAN |

## **OPINION AND ORDER**

Before the Court is a Motion for Summary Judgment [ECF No. 23] and a Motion for Summary Ruling [ECF No. 42], filed by Defendants Anonymous Physician and Anonymous Health Care Professional Corp. On December 5, 2013, the Court issued an Order [ECF No. 34] directing the Plaintiffs to respond to the Defendants' motion by January 17, 2014, and the Defendants' to file a reply brief, if necessary, by January 24, 2014. No response has been filed. A telephone conference was held on February 25, 2014, regarding the motions, and the Plaintiffs advised that they received the motions but did not intend to respond. The pro se Plaintiffs have been given notice and an opportunity to respond to the Defendants' motions, which are ripe for ruling.

## **JURISDICTION**

The Court has jurisdiction over this matter based on diversity of citizenship. Under 28 U.S.C. §1441(a), "the citizenship of defendants sued under fictitious names shall be disregarded." The anonymously named medical care providers remain in this suit under fictitious names, and their citizenship shall be disregarded for purposes of determining diversity. Although Covidien, Inc. was dismissed from this lawsuit, this Court's diversity jurisdiction continues until the end of the case. *See e.g. Grinell Mutual Reinsurance Co. v. Shierk*, 121 F.3d 1114, 1116 (7th Cir. 1997) ("It is well established that the requirements for diversity jurisdiction must be satisfied only at the time a suit is filed."); *Johnson v. Burken*, 930 F.2d 1202, 1205 (7th Cir. 1991); *FDIC v. W.R. Grace & Co.*, 877 F.2d 614, 617 (7th Cir. 1989); *Smith v. Widman*, 627 F.2d 792, 799 (7th Cir. 1980) ("If jurisdiction exists at the outset of the suit, subsequent events shall not divest the Court of jurisdiction."). Because there was complete diversity at the time Covidien, Inc. filed its notice of removal, this Court continues to have jurisdiction over this matter despite Covidien's dismissal and because there has been no change with respect to the remaining healthcare providers.

**FINDINGS OF FACT**

1. On December 8, 2011, Plaintiffs filed their Proposed Complaint with the Indiana Department of Insurance alleging that Anonymous Physician was negligent in his care and treatment of Beth Shepherd, which resulted in third-degree burns to her vaginal cuff. The Plaintiff asserted that Anonymous Healthcare Professional Corp. was responsible for Anonymous Physician's conduct as an agent or employee of the Professional Corp.

2. On December 16, 2011, Plaintiffs filed a complaint in the Kosciusko Superior Court. Pursuant to the Indiana Medical Malpractice Act, the healthcare providers were referred to anonymously.

3. On January 10, 2012, Covidien, Inc. filed a notice of removal of the case from the Kosciusko Superior Court to this Court based upon diversity of citizenship. The Notice of Removal was based, in part, on the fact that the citizenship of the anonymously named healthcare providers was not to be considered in determining diversity.

4. On February 9, 2012, the matter was stayed pursuant to the Indiana Medical Malpractice Act until an opinion was rendered by the Medical Review Panel and Plaintiffs amended the Complaint to add the true names of the anonymous Defendants.

5. On April 2, 2013, Magistrate Judge Nuechterlein ordered Plaintiffs' counsel, on behalf of all parties, to file a joint status report.

6. On April 3, 2013, Anonymous Physician and Anonymous Health Care Professional Corp. filed a status report informing the Court that Plaintiffs' counsel, Jay Lavendar, passed away.

7. On April 4, Magistrate Judge Nuechterlein entered an order requiring Plaintiffs to file a status report informing the Court of their intention to proceed pro se or to secure counsel. The Court also ordered the parties to file a joint status report by September 16, 2013, regarding the appropriateness of continuing the stay of proceedings or any other developments relating to case management among the parties.

8. On May 3, 2013, Plaintiff Beth Shepherd submitted a status report informing the Court that she was in the process of retaining new counsel.

9. On June 4, 2013, Magistrate Judge Nuechterlein noted that Plaintiff Aaron Shepherd did not file a status report as ordered and further noted that no attorneys had appeared on behalf of Plaintiffs. The Court ordered each Plaintiff to file a separate status report by June 18, 2013.

10. Pursuant to Ind. Code §34-18-8-1-1 et seq., a medical review panel was formed and entered a written panel opinion, which was certified to the Indiana Department of Insurance on or about August 28, 2013.

11. The Medical Review Panel comprised of Patricia Johnson, M.D., Grace Badman, M.D., and Gregory Raff, M.D., issued a unanimous opinion in favor of Defendants, Anonymous Physician and Anonymous Health Care Professional Corp., finding that the evidence did not support the conclusion that the Defendants, Anonymous Physician and Anonymous Health Care Professional Corp., failed to meet the appropriate standard of care as changed in the complaint.

12. The Medical Review Panel's opinion was unanimously in favor of Anonymous Physician and Anonymous Health Care Professional Corp., finding that they complied with the applicable standard of care in their care and treatment of plaintiff, Beth Shepherd.

13. On August 30, 2013, Anonymous Physician and Anonymous Health Care Professional Corp. filed a motion for summary judgment with a supporting memorandum of law, asking the Court to enter judgment in their favor on the basis that the Plaintiffs have failed to meet their burden of presenting expert medical testimony to controvert the expert opinion rendered by the medical review panel.

14. On September 10, 2013, Defendant Anonymous Hospital joined the motion for summary judgment.

15. On September 16, 2013, Anonymous Hospital and Covidien, Inc. filed a status report informing the Court that the Medical Review Panel had recently rendered its opinion. The status report also informed the Court that counsel for Covidien, Inc. spoke to Plaintiff Beth Shepherd who indicated that she was unsure if she had legal representation.

16. On October 18, 2013, the parties filed a joint motion to dismiss Covidien, Inc.

17. On November 7, 2013, the Court granted the motion to lift the stay.

18. On November 20, 2013, the case was dismissed with prejudice as to Covidien, Inc.

19. On November 5, 2013, the Court ordered the Defendants to serve the required notice to pro se litigants under Local Rule 56-1(f). The Court also required the Plaintiffs to file a status report by December 23, 2013, indicating whether they had retained new counsel or intended to proceed pro se.

20. On December 11, 2013, Anonymous Hospital filed notice of its compliance with Local Rule 56-1.

21. On December 16, 2013, the Court granted motions to withdraw the appearance of Jay Lavendar as the attorney for the Plaintiffs. The Court also ordered all scheduled deadlines to remain as previously scheduled.

22. On December 16, 2013, Defendants Anonymous Physician and Anonymous Health Care Professional Corp. served Plaintiffs with a Notice of Summary Judgment, Appendix C-Notice to Pro Se Litigants, as required by Local Rule 56-1(f) and in compliance with the Court's Order, by mailing copies to Beth Shepherd and Aaron Shepherd.

23. In a December 5, 2014 Order, the Court set a briefing schedule, requiring the Plaintiffs to respond by January 17, 2014, and setting a due date for the Defendants' reply briefs on January 24, 2014.

24. To date, Plaintiffs Beth Shepherd and Aaron Shepherd have yet to respond to either Motion for Summary Judgment pending before this Court.

25. On November 18, 2014, Anonymous Hospital filed a motion seeking summary ruling on its motion for summary judgment. This motion was later joined by Anonymous Physician and Anonymous Health Care Professional Corp.

26. On February 25, 2014, the parties appeared before Judge Theresa L. Springmann. Plaintiff Beth Shepherd appeared, pro se, and the defendants appeared by counsel. Plaintiff Beth Shepherd admitted she had received the motions for summary judgment, motions for summary ruling, and the Notice of Summary Judgment, Appendix C-Notice to Pro Se Litigants, as required by Local Rule 56-1(f).

**SUMMARY JUDGMENT STANDARD**

Summary judgment is appropriate when the designated evidence demonstrates that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Ind. Trial Rule 56(c); *Vaughn v. Daniels Co.*, 841 N.E.2d 1133, 1138 (Ind. 2006). All inferences from such evidence are to be drawn in the favor of the nonmoving party. *Gunkel v. Renovations, Inc.*, 822 N.E.2d 150, 152 (Ind. 2005). "The party moving for summary judgment bears the burden of making a prima facie showing that there are no genuine issues of material fact and that the movant is entitled to judgment as a matter of law." *Ozinga Transp. Sys. v. Michigan Ash Sales*, 676 N.E.2d 379, 382–83 (Ind. Ct. App. 1997) (citation omitted). "Once the

movant satisfies this burden, the burden shifts to the nonmoving party to produce specifically designated facts showing the existence of a genuine issue." *Id.* The purpose of summary judgment is to terminate litigation about which there can be no factual dispute and is therefore suitable for determination as a matter of law. *Bamberger & Feibleman v. Indianapolis Power & Light Co.*, 665 N.E.2d 933, 936 (Ind. Ct. App. 1996).

## DISCUSSION

Medical malpractice cases are no different from other kinds of negligence actions regarding what must be proven. The complainant must establish (1) that the health care provider owed a duty, (2) which was breached by virtue of conduct which fell below the applicable standard of care, and (3) which proximately caused a compensable injury. *Malooley v. McIntyre*, 597 N.E.2d 314 (Ind. Ct. App. 1992). Summary judgment for a defendant is appropriate "when undisputed material facts negate at least one element of [the] plaintiff's claim." *Colen v. Pride Vending Serv.*, 654 N.E.2d 1159, 1162 (Ind. Ct. App. 1995) (citation omitted). Because proximate cause is an element of negligence, a "defendant is entitled to summary judgment where the plaintiff cannot establish that her injuries were proximately caused by the defendant's conduct." *Hottinger v. Trugreen Corp.*, 665 N.E.2d 593, 595–96 (Ind. Ct. App. 1996), *rev'd on other grounds by Dow Chem. Co. v. Ebling ex rel. Ebling*, 753 N.E.2d 633 (Ind. 2001).

A party claiming injury from negligence bears the burden of proving an injury proximately resulting from a defendant's negligent acts. *Porter v. Whitehall Lab., Inc.*, 791 F. Supp. 1335, 1340 (S.D. Ind. 1992). Summary judgment on the element of proximate cause is appropriate when "only one conclusion can be drawn from the facts." *City of Indianapolis Hous. Auth. v. Pippin*, 726 N.E.2d 341, 347 (Ind. Ct. App. 2000) (citation omitted). "When . . . a

7

medical malpractice civil suit is filed after a medical review panel has issued an opinion which finds against the complainant upon the issue of causation, and no member of the panel opines that causation does exist, the complainant proceeds in considerable peril if he rests upon the factual allegations contained in his complaint." *Malooley v. McIntyre*, 597 N.E.2d 314 (Ind. Ct. App. 1992). The plaintiff must do more than rest upon his complaint. *Id.*

Rule 7-1(d)(4) of the Local Rules of the United States District Court for the Northern District of Indiana indicates that "[t]he court may rule on a motion summarily if an opposing party does not file a response before the deadline." The Plaintiffs did not file responses to the pending motions for summary judgment within the deadlines set by this Court. This matter is considered fully briefed, and the Court considers itself to be fully informed of the issues, having considered the motions and briefs that were submitted by the Defendants.

The Medical Review Panel found unanimously that Defendants Anonymous Physician and Anonymous Health Care Professional Corp. did not fall short of the standard of care, and were not negligent. In order to survive summary judgment following receipt of a unanimous medical review panel opinion, the plaintiffs bear the burden of presenting expert medical testimony to controvert the expert opinion rendered by the medical review panel. No expert has disputed the unanimous panel opinion in favor of Anonymous Physician and Anonymous Health Care Professional Corp. Without expert medical testimony to establish that Anonymous Physician and Anonymous Health Care Professional Corp., failed to comply with the applicable standard of care and that any breach proximately caused the plaintiff's injury, there is no genuine issue of material fact, and summary judgment must be granted in favor of Anonymous Physician and Anonymous Health Care Professional Corp.

## CONCLUSION

For the foregoing reasons, the Court GRANTS the Motion for Summary Judgment [ECF No. 23] and Motion for Summary Ruling [ECF No. 42] filed by Defendants Anonymous Physician and Anonymous Health Care Professional Corp. The Clerk will enter judgment in favor of Defendants Anonymous Physician and Anonymous Health Care Professional Corp. and against the Plaintiffs.

SO ORDERED on March 24, 2014.

                                           s/ Theresa L. Springmann
                                           THERESA L. SPRINGMANN
                                           UNITED STATES DISTRICT COURT
                                           FORT WAYNE DIVISION